## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 12-26881-RAM |
| KM CONTRACTING, INC., | Chapter 7 |
| Debtor. _____/ | |
| MARIA YIP, as Trustee for the estate of KM CONTRACTING, INC., | ADV. NO. |
| Plaintiff | |
| v. | |
| J.H. ZIDELL, P.A., | |
| Defendant _____/ | |

### COMPLAINT

Plaintiff, MARIA YIP, as Trustee ("Trustee") for the estate of KM CONTRACTING, INC., ("Debtor") by her undersigned attorneys, for her complaint against the above named defendant J. H. ZIDELL, P.A. ("Zidell") alleges as follows:

### JURISDICTION AND PARTIES

1. This adversary proceeding is brought pursuant to Bankruptcy Rule 7001 and 11 U.S.C. §§547, 548 and 550, seeking a judgment of this Court voiding certain preferential and/or fraudulent transfers by the Debtor to defendant Zidell, directing said defendant to turn over, pursuant to 11 U.S.C. §§541, 542 and 550, any and all such funds transferred, fraudulently and preferentially paid to the defendant by the Debtor, or to turn over the value of said property so transferred.

2. Jurisdiction of this Court is based upon 28 U.S.C. 157(b), and this matter is a core proceeding.

3. Debtor commenced this case by the filing of a Voluntary Petition for Relief pursuant to Chapter 7 of the United States Bankruptcy Code with this Court on or about July 12, 2012. Plaintiff Trustee is the Chapter 7 Trustee in the above-referenced proceeding, and is authorized to bring this adversary proceeding pursuant to Bankruptcy Code §323.

4.      Upon information and belief, Defendant Zidell is a Florida professional association law firm, with its principal place of business in Miami-Dade County, Florida. Zidell is a resident of the state of Florida, and is otherwise *sui juris.*

## FACTUAL CONTEXT

5.      Prior to the commencement of this Chapter 7 case, Defendant Zidell was representing a Luis R. Martinez ("Martinez") who claimed to have a certain overtime wage claim, and other claims against the Debtor and Keith Manalio ("Manalio").

6.      On behalf of Martinez, Zidell commenced an action against the Debtor and Manalio, in the United States District Court for the Southern District of Florida, captioned <u>Luis R. Martinez, et. al, vs. K.M. Contracting, Inc. et. al.,</u> case no. 11-22899-CV-Martinez/McAliey (hereafter the 'Federal Action"). At some point during the pendency of the Federal Action, one Omar Serrano ("Serrano") joined in the Federal Action as a Plaintiff. Zidell continued to represent Martinez and Serrano in the Federal Action.

7.      Within the context of the Federal Action, on or about April 3, 2012, a Settlement Agreement ("Agreement") was entered into between Martinez, Serrano, the Debtor and Manalio. The Agreement resolved the Federal Action. The Agreement, *inter alia,* provided that Zidell was to receive from the Debtor the combined sum of $21,500.00 as attorney's fees and costs for representing Martinez and Serrano.

8.      Pursuant to the Agreement, the Debtor paid to Zidell the following payments:

| DATE | AMOUNT |
| --- | --- |
| April 30, 2012 | $7,166.66 |
| May 30, 2012 | $7,166.66 |

(the "Transfers").

## AS AND FOR A CLAIM FOR RELIEF - PREFERENTIAL TRANSFER

9.      The Trustee repeats and re-alleges the allegations contained in paragraphs "1" through "8" inclusive, as if more fully set forth at length herein.

10.     The Transfers were made by the Debtor to Defendant Zidell within ninety (90) days of the commencement of this Chapter 11 case.

3

11. The Transfers were effectuated by the Debtor to Defendant Zidell on account of an antecedent debt owed by the Debtor before said transfer was made.

12. The Transfers were made by the Debtor while the Debtor was insolvent.

13. The Transfers were for the benefit of Defendant Zidell.

14. The Transfers made by the Debtor to Defendant Zidell will enable Defendant Zidell to recover more than Defendant Zidell would receive as a creditor, if the Transfers were not made and Defendant Zidell received payment to the extent provided by the provisions of Title 11 U.S.C.

15. The Transfers are transfers that are avoidable as a preference under Bankruptcy Code § 547, and said Defendant Zidell should turn over the Transfers pursuant to 11 U.S.C. § 550.

16. The creditors of the Debtor have been damaged as a direct and proximate result of the preferential transfers described above and will continue to be damaged in the future.

WHEREFORE, Plaintiff Trustee demands judgment against Defendant Zidell, avoiding the Transfers as preferential in nature, and requiring Defendant Zidell to turnover the Transfers, and enter a judgment accordingly against the Defendant Zidell, plus interest, costs and disbursements in this action, reasonable attorney fees, and such other and further relief as this Court deems just and proper.

**AS AND FOR A CLAIM FOR RELIEF - FRAUDULENT TRANSFER**

17. The Trustee repeats and re-alleges the allegations contained in paragraphs "1" through "8" inclusive, as if more fully set forth at length herein.

18. The Debtor had no contractual or other relationship with defendant Zidell. The Debtor did not owe Zidell any debt.

19. The Transfers made by the Debtor to defendant Zidell were for no consideration to the Debtor.

20. Based upon the foregoing, within one year before the date of the filing of the voluntary petition herein, and with respect to the Transfers, the Debtor voluntarily -

    (1) made such transfers or incurred such obligations with actual intent to hinder, delay,

4

or defraud those entities to which the Debtor was or became, on or after the date the transfer was made or such obligation was incurred, indebted; or

(2)  (A) received less than a reasonable equivalent value in exchange for such transfer or obligation; and

(B)  (I) was insolvent on the date such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(ii) was engaged in business or a transaction, or was about to engage in business or transaction, for which any property remaining with the Debtor was an unreasonably small capital; or

(iii) intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's' ability to pay as such debts matured.

21. The creditors of the Debtor have been damaged as a direct and proximate result of the fraudulent transfers described above and will continue to be damaged in the future.

WHEREFORE, Plaintiff demands judgment against Defendant Zidell for the sum of $14,333.32, plus interest, costs and disbursements in this action, reasonable attorney fees, and such other and further relief as this Court deems just and proper.

Dated: Aventura, Florida

October 29, 2012.

                                                BEHAR, GUTT & GLAZER, P.A.
                                                Counsel for Trustee, Maria Yip
                                                2999 N. E. 191st Street, Fifth Floor
                                                Aventura, FL 33180
                                                (305) 931-3771
                                                (305)931-3774 fax


                                              By:___/s/_____
                                                 BRIAN S. BEHAR
                                                 FBN 727131
                                                 ROBERT J. EDWARDS
                                                 FBN 007544